IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LISA KNOX-WATKINS and TERESA QUICK, individually and on behalf of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>MISSION POINT MANAGEMENT SERVICES, LLC,<br><br>Defendant. | Case No.:<br><br>Jury Demanded<br><br>Collective Action |

**PLAINTIFFS' ORIGINAL COMPLAINT**

Plaintiffs Lisa Knox-Watkins ("Watkins") and Teresa Quick ("Quick") (collectively "Plaintiffs"), individually and on behalf of similarly situated persons, bring this Fair Labor Standards Act ("FLSA") and Michigan Workforce Opportunity Wage Act ("WOWA") suit against Mission Point Management Services, LLC ("Defendant"), showing in support as follows:

I. **NATURE OF ACTION**

1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA establishes standards of minimum wages and "limits to 40 a week the number of hours that an employer may employ any of her employees subject to the Act, unless the employee receives compensation for her employment in excess of 40 hours at a rate 'not less than one and one-half times the regular rate at which he is employed.'" *Walling v. Helmerich & Payne*, 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C.

§ 207 (a)); *see also Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945) (discussing the FLSA's minimum wage and maximum hour protections generally).

2. This is a collective action brought by Plaintiffs, individually and on behalf of similarly situated persons, against Defendant for violations of the FLSA, 29 U.S.C. § 201, *et seq.*, and the WOWA, MCL § 408.931, *et seq.*

3. Defendant failed to pay Plaintiffs in accordance with the FLSA and the WOWA. Specifically, Defendant failed to pay Plaintiffs' wages due on the scheduled pay day.

4. Plaintiffs bring this action as a collective action pursuant to 29 U.S.C. § 216(b).

5. Plaintiffs seek a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's policies and practice of failing to pay sufficient wages under the FLSA and WOWA.

6. Upon information and belief, within the three years prior to the filing of the Complaint, Defendant has willfully and intentionally committed violations of the FLSA and WOWA as described, *infra*.

## II.     PARTIES

7. Plaintiff Watkins is an individual who was employed by Defendant within the meaning of the FLSA and WOWA within the three-year period preceding the filing of this Complaint. She hereby consents to be a party in this action through the consent form attached as "Exhibit 1."

8. Plaintiff Watkins is an individual and resident of Oakland County, Michigan.

9. Plaintiff Quick is an individual who was employed by Defendant within the meaning of the FLSA and WOWA within the three-year period preceding the filing of this

Case 2:24-cv-11241-RJW-CI ECF No. 1, PageID.3 Filed 05/10/24 Page 3 of 10

Complaint. She hereby consents to be a party in this action through the consent form attached as "Exhibit 2."

10. Plaintiff Quick is an individual and resident of Wayne County, Michigan.

11. Plaintiffs and "Class Members" are Defendant's current and former employees who were paid late in June and July of 2022.

12. Defendant is a domestic limited liability company and can be served with process by and through its registered agent Hari Mali at 30700 Telegraph Road, Suite 1510, Bingham Farms, Michigan, 48025, or wherever they may be found.

13. Upon information and belief, Defendant maintains a website at https://missionpointhealthcare.com/.

### III. JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over this case based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff's claims are based on federal law, namely the FLSA. *See* 29 U.S.C. § 216(b).

15. This Complaint also alleges violations of the WOWA, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's WOWA claims pursuant to 28 U.S.C. § 1367(a).

16. Defendant conducts business within the State of Michigan.

17. The acts complained of herein were committed and had their principal effect against Plaintiffs within the Southern Division of this District; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

PLAINTIFFS' ORIGINAL COMPLAINT    Page - 3

## IV. COVERAGE

18. At all material times, Defendant acted, directly or indirectly, in the interest of employer with respect to Plaintiff.

19. At all times hereinafter mentioned, Defendant has been an employer or joint employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and within the meaning of the WOWA, MCL § 408.932(d).

20. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

21. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

22. At all times hereinafter mentioned, Plaintiffs and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V. FACTUAL ALLEGATIONS

23. Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

24. Defendant directly hired Plaintiffs, paid their wages, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

25. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who engaged in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

26. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of this Complaint.

27. Defendant is an "employer" within the meaning set forth in the FLSA and WOWA and was at all times relevant to the allegations in this Complaint, Plaintiffs' employer, as well as the employer of the Class Members.

28. At all times material herein, Plaintiffs and other Class Members have been entitled to the rights, protections and benefits provided under the FLSA and WOWA.

29. Defendant owns and operates nursing homes throughout Michigan.

30. Defendant employed Plaintiff Watkins as a Certified Nursing Assistant from approximately August 2020 through June 2023, and worked at its facilities in Clarkston, Michigan.

31. Defendant has employed Plaintiff Quick as a Competency-Evaluated Nursing Assistant since approximately February 2004, and works at one of its facilities in Detroit, Michigan.

32. Upon information and belief, Plaintiffs and other employees of Defendant were on the same payroll schedule. In other words, Plaintiffs and other employees were all paid by Defendant on the same day.

33. Pursuant to Defendant's regular payroll schedule, Plaintiffs and other employees should have been paid in late June of 2022, but their pay was delayed by at least a day.

34. Pursuant to Defendant's regular payroll schedule, Plaintiffs and other employees should have been paid in mid-July of 2022, but their pay was delayed by at least a day.

35. 29 C.F.R. § 778.106 states, "The general rule is that overtime compensation earned in a particular workweek must be paid on the regular pay day for the period in which such workweek ends."

36. In addition to requiring on-time payment of overtime wages, the FLSA requires on-time payment of minimum wages. *See generally Brooklyn Sav. Bank v. O'Neil*, 324 U.s 697 (1945).

37. In other words, an FLSA violation occurs on the date an employer fails to pay its employees full wages owed.

38. Liquidated damages are due to employees who suffer an FLSA violation unless the employer can show that the failure to pay was in good faith (a subjective inquiry) and the employer had reasonable grounds for believing the failure to pay was not a violation of the FLSA (an objective inquiry).

39. Plaintiffs and other employees therefore suffered FLSA violations in late June of 2022 and mid-July of 2022.

40. Plaintiffs and other employees are entitled to liquidated damages in an amount equal to the amount of their pay which was delayed.

41. Defendant knew or showed reckless disregard for whether its actions violated the FLSA and the WOWA.

## VI. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

42. Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

43. During the relevant period, Defendant violated Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, and for failing to pay its employees wages by the next regularly scheduled pay day. Defendant acted willfully in failing to pay Plaintiffs and the putative Collective Action Members in accordance with the law.

## VII. COLLECTIVE ACTION ALLEGATIONS

44. Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

45. Plaintiffs and the Class Members were all current and former employees who were paid late in late June and mid-July 2022.

46. During the period from three years prior to the filing of this suit until the filing of this suit, Defendant employed other individuals in a similar capacity as Plaintiffs in that it paid these employees late in late June and mid-July 2022. Accordingly, the Class Members victimized

by Defendant's unlawful pattern and practices are similarly situated in terms of job duties and pay provisions.

47. Defendant's failure to pay its employees wages by the next regularly scheduled pay day results from generally applicable policies or practices and does not depend on the personal circumstances of the Class Members. Thus, Plaintiffs' experience is typical of the experience of the Class Members. Although Defendant requires them to perform similar duties, the precise job requirements of the various Class Members do not prevent collective treatment. All Class Members, regardless of their precise job title, requirements, or rates of pay, are entitled to wages for all hours worked, as well as overtime wages for all hours worked over 40 in a workweek. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiffs and the Class Members.

48. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper wages with respect to Plaintiffs and the Class Members.

49. Plaintiffs reserve the right to establish sub-classes and/or modify class notice language as appropriate in any motion to certify a collective action.

50. Plaintiffs further reserve the right to amend the definition of the putative class, or subclasses therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

VIII. **CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH MICHIGAN WORKFORCE OPPORTUNITY WAGE ACT**

51. Plaintiffs assert this claim for damages and declaratory relief pursuant to the WOWA, MCL § 408.931, *et seq.*

52. Defendant was an "employer" within the meaning of the WOWA, MCL § 408.932(d).

53. Plaintiffs were an "employee" within the meaning of the WOWA, MCL § 408.932(c).

54. The WOWA requires employers to pay employees a minimum wage for up to 40 hours each week and to pay 1.5x regular wages for all hours worked over 40 each week.

55. Defendant failed to pay Plaintiffs' wages due on the scheduled pay day.

56. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the WOWA.

57. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for unpaid wages due to them in an amount to be determined at trial, plus liquidated damages and attorneys' fees, including costs.

## IX. RELIEF SOUGHT

58. WHEREFORE, premises considered, Plaintiffs, individually and on behalf of other similarly situated persons, respectfully pray that Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A. For an Order pursuant to Section 16(b) of the FLSA and the WOWA finding Defendant liable for unpaid back wages due to Plaintiffs (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those who may join the suit);

B. For an Order awarding Plaintiffs (and those who may join in the suit) the costs of this action;

C. For an Order awarding Plaintiffs (and those who may join in the suit) attorneys' fees;

D. For an Order awarding Plaintiffs (and those who may join in the suit) pre- judgment and post-judgment interest at the highest rates allowed by law; and

E. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/ *Katherine Serrano*

**FORESTER HAYNIE PLLC**
**Katherine Serrano**
Texas Bar No. 24110764
400 N. St. Paul Street, Suite 700
Dallas, Texas 75201
(214) 210-2100 phone
kserrano@foresterhaynie.com

**ATTORNEY FOR PLAINTIFFS**

### CERTIFICATE OF SERVICE

This is the Original Complaint. Service of this Complaint will be made to Defendant with summons to be issued by the clerk in accordance with the Federal Rules of Civil Procedure.

s/ *Katherine Serrano*
**Katherine Serrano**